1  Erica J. Van Loon, State Bar No. 227712
   evanloon@nixonpeabody.com
2  Joshua J. Pollack, State Bar No. 215922
   jpollack@nixonpeabody.com
3  Sherene Tagharobi, State Bar No. 327645
   stagharobi@nixonpeabody.com
4  NIXON PEABODY LLP
   300 S. Grand Avenue, Suite 4100
5  Los Angeles, CA  90071-3151
   Tel: 213-629-6000
6  Fax: 213-629-6001

7  Attorneys for Plaintiff
   Vanessa Hudgens
8

9              UNITED STATES DISTRICT COURT
10            CENTRAL DISTRICT OF CALIFORNIA

11
   VANESSA HUDGENS, an individual,       Case No. 2:21-cv-09597
12
                          Plaintiff,     **COMPLAINT**
13
          vs.                            1. VIOLATION OF THE
14                                          CALIFORNIA STATUTORY
   SBLA, INC., d/b/a SBLA BEAUTY, a         RIGHT OF PUBLICITY (CAL.
15 Delaware Corporation; SBLA               CIV. CODE § 3344);
   BRANDS, INC., d/b/a SBLA BEAUTY,      2. VIOLATION OF THE
16 a Delaware Corporation; and DOES 1-      CALIFORNIA COMMON LAW
   10, inclusive,                           RIGHT OF PUBLICITY;
17                                       3. FALSE ENDORSEMENT AND
                          Defendants.       UNFAIR COMPETITION UNDER
18                                          THE LANHAM ACT (15 U.S.C.
                                            § 1125(a))
19                                       4. UNFAIR COMPETITION (CAL.
                                            BUS. & PROF. CODE § 17200)
20                                       5. FALSE ADVERTISING (CAL.
                                            BUS. & PROF. CODE § 17500)
21
22                                       **DEMAND FOR JURY TRIAL**
23
24
25
26
27
28

NIXON PEABODY LLP
ATTORNEYS AT LAW
300 S. GRAND AVENUE, SUITE 4100
LOS ANGELES, CA 90071-3151

Plaintiff Vanessa Hudgens ("Ms. Hudgens" or "Plaintiff") alleges as follows:

**INTRODUCTION**

1.      Vanessa Hudgens brings this action for injunctive relief and damages because Defendants have violated her statutory and common law right of publicity, and have engaged in false advertising and unfair competition, by using her name, image, likeness, and persona -- ***without her consent*** -- to promote their company and products.

2.      Ms. Hudgens is a world famous actress and singer.  She made her feature film debut in *Thirteen* in 2003, and then rose to fame portraying Gabriella Montez in the *High School Musical* film series, which brought her significant mainstream success.  The success of Ms. Hudgens' first film led her to sign a recording contract with Hollywood Records, with whom she released two studio albums, *V* in 2006 and *Identified* in 2008.

3.      Since the release of her studio albums and the *High School Musical* franchise, Ms. Hudgens has appeared in multiple films, including *Bandslam* (2009), *Beastly* (2011), *Sucker Punch* (2011), *Journey 2: The Mysterious Island* (2012), *Spring Breakers* (2012), *The Frozen Ground* (2013), *Machete Kills* (2013), *Gimme Shelter* (2013), *Freaks of Nature* (2015), *Dog Days* (2018), *The Princess Switch* (2018), *Second Act* (2018), *Polar* (2019), *The Knight Before Christmas* (2019), *Bad Boys for Life* (2020), *The Princess Switch: Switched Again* (2020), the film adaptation of *Tick, Tick...Boom!* (2021), and *The Princess Switch 3: Romancing the Star* (2021).  Ms. Hudgens played the role of Emily Locke in the NBC series *Powerless* (2017).  She also played the title role in the Broadway musical *Gigi* (2015) and had roles in two of Fox's live musical productions: Rizzo in *Grease: Live* (2016) and Maureen in *Rent: Live* (2019).

4.      In 2008 and 2009, Ms. Hudgens was included in *People*'s annual "100 Most Beautiful People" list.

5.      Ms. Hudgens hosted the Billboard Music Awards in 2017, and for two

NIXON PEABODY LLP
ATTORNEYS AT LAW
300 S. GRAND AVENUE, SUITE 4100
LOS ANGELES, CA 90071-3151

seasons she served as a judge on *So You Think You Can Dance*.

6.      Ms. Hudgens repeatedly has been nominated for People's Choice Awards, Teen Choice Awards, and Kids' Choice Awards, and has won several times.

7.      Ms. Hudgens regularly volunteers for charitable activities, including for Best Buddies International, Lollipop Theater Network, St. Jude Children's Research Hospital, and the VH1 Save The Music Foundation.  Ms. Hudgens is also featured in A Very Special Christmas Vol. 7 disc which benefits the Special Olympics.  Ms. Hudgens is also part of "Stand Up to Cancer (SU2C): Change The Odds."

8.      Ms. Hudgens is a frequent attendee of the Coachella Valley Music and Arts Festival, and is widely known as the "Queen of Coachella."

9.      Ms. Hudgens has appeared on numerous magazine covers, including *Shape, Women's Health, Cosmopolitan, Marie Claire, Bazaar, Seventeen, Self, Allure, InStyle,* and *Vogue*.  Ms. Hudgens appears on the cover of the December 2021 digital UK issue of *Glamour.*

10.      Ms. Hudgens has more than 43.4 million followers on Instagram, more than 17 million followers on Facebook, and more than 6.7 million followers on Twitter.

11.      Given her celebrity and influence, Ms. Hudgens is highly sought after by companies hoping to secure her endorsement of their products, and those companies are willing pay significant sums to engage Ms. Hudgens to help promote their brands.  Even a single social media post by Ms. Hudgens can garner fees of thousands of dollars, and her longer-term endorsement arrangements command fees in the tens of thousands of dollars.

12.      Ms. Hudgens has selectively endorsed, and continues to selectively endorse, various products and services.

13.      Ms. Hudgens' name, image, likeness, and persona have come to be

NIXON PEABODY LLP
ATTORNEYS AT LAW
3005 GRAND AVENUE, SUITE 4100
LOS ANGELES, CA 90071-3151

1  associated in the minds of the consuming public with products and services that Ms.

2  Hudgens endorses.

3      14.    Ms. Hudgens maintains strict control over the manner in which her

4  name, image, likeness, and persona are used.

5      15.    Ms. Hudgens exercises careful consideration in selecting and

6  approving products and services that she will permit to license or use her name,

7  image, likeness, or persona.  She restricts such use to products and services for

8  which she is fairly compensated.

9      16.    Hoping to benefit from Ms. Hudgens' celebrity and influence,

10  Defendants SBLA, Inc., d/b/a SBLA Beauty, and SBLA Brands, Inc., d/b/a SBLA

11  Beauty (collectively, "SBLA") have used Ms. Hudgens' name, image, likeness, and

12  persona without her consent to promote SBLA, and specifically to promote SBLA's

13  product, the "Neck, Chin & Jawline Sculpting Wand," via sponsored social media

14  posts from SBLA's official social media accounts (the "Social Media Accounts")

15  and via SBLA's website: https://sbla.com/pages/press (the "Website").  The paid

16  advertising placed via the Social Media Accounts include "click through" links to

17  directly monetize Ms. Hudgens' name, image, likeness, and persona.

18      17.    SBLA's unauthorized use of Ms. Hudgens' name, image, likeness, and

19  persona to promote SBLA and its products are blatant and willful violations of her

20  statutory and common law rights of publicity, unfair competition, and false

21  advertising.  By this action, Ms. Hudgens seeks preliminary and permanent

22  injunctive relief, an award of compensatory and treble damages, the disgorgement

23  of SBLA's ill-gotten profits, and an award of punitive damages to deter SBLA from

24  future violations of Ms. Hudgens' personal and intellectual property rights.

25                    **JURISDICTION AND VENUE**

26      18.    The Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331.

27  This is a civil action arising under federal law, the Lanham Act of 1946 as amended

28  (codified at 15 U.S.C. §§ 1051, et seq.).  The pendent state law claims are so related

NIXON PEABODY LLP
ATTORNEYS AT LAW
300 S. GRAND AVENUE, SUITE 4100
LOS ANGELES, CA 90071-3151

1   to the federal claims that they form part of the same case or controversy under

2   Article III of the United States Constitution.  The court therefore has supplemental

3   jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

4        19.     The Court also has original jurisdiction pursuant to 28 U.S.C. § 1332

5   because the matter in controversy exceeds the sum or value of $75,000, exclusive of

6   interest and costs, and is between citizens of different states.  Ms. Hudgens is a

7   citizen of the State of California.  Ms. Hudgens is informed and believes, and based

8   thereon alleges, that SBLA, Inc., and SBLA Brands, Inc., are citizens of the States

9   of Delaware and Florida.

10       20.     This Court has personal jurisdiction over Defendants because they

11   regularly transact, do, and solicit business in this judicial district, including by

12   offering to sell, or causing to be offered for sale, and/or selling products using Ms.

13   Hudgens' name, image, likeness, and/or persona in a manner that violates Ms.

14   Hudgens' statutory and common law rights of publicity, including in California and

15   in this judicial district.  Defendants also have committed tortious acts within

16   California, including this judicial district, causing injury to Plaintiff as alleged

17   further herein.  Plaintiff is informed and believes, and based thereon alleges, that

18   Defendants derive substantial revenue from interstate commerce.

19       21.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)

20   and (c) because SBLA resides in this judicial district for venue purposes under 28

21   U.S.C. § 1391(c)(2); a substantial part of the events or omissions giving rise to

22   Plaintiff's claims occurred in this district; a substantial part of property that is the

23   subject of the action is situated in this district; and SBLA is subject to the Court's

24   personal jurisdiction with respect to this action.

25                                    **PARTIES**

26       22.     Plaintiff Vanessa Hudgens is, and at all relevant times herein has been,

27   an individual and resident and domiciliary of Los Angeles, California.

28       23.     Plaintiff is informed and believes, and based thereon alleges, that

NIXON PEABODY LLP
ATTORNEYS AT LAW
300 S. GRAND AVENUE, SUITE 4100
LOS ANGELES, CA 90071-3151

Defendant SBLA, Inc., d/b/a SBLA Beauty, is, and at all relevant times herein has been, a Delaware corporation with its principal place of business in Boca Raton, Florida.

24.     Plaintiff is informed and believes, and based thereon alleges, that Defendant SBLA Brands, Inc., d/b/a SBLA Beauty, is a Delaware corporation with its principal place of business in Boca Raton, Florida.

25.     Plaintiff is informed and believes, and based thereon alleges, that (i) SBLA was formerly known as Spencer Barnes LA, (ii) Spencer Barnes is a co-founder and Executive Creative Director of SBLA; (iii) Spencer Barnes lives in Los Angeles, California, and works for SBLA there; and (iv) Spencer Barnes actively promotes the SBLA brand on his social media accounts from his location in Los Angeles, California.

26.     Plaintiff is informed and believes, and based thereon alleges, that the fictitiously named defendants sued herein as Does 1 through 10, inclusive, and each of them, were in some manner responsible or legally liable for the events, actions, transactions, and circumstances alleged herein.  The true names and capacities of the fictitiously named defendants, whether individual, corporate, associate, or otherwise, are presently unknown to Plaintiff, and Plaintiff will seek leave of this Court to amend this Complaint to assert the true names and capacities of the fictitiously named defendants when they become known to Plaintiff.  Hereinafter all defendants, including the Doe Defendants, will sometimes be referred to collectively as "Defendants."

27.     Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, were the agents, employees, partners, joint-venturers, owners, principals, and/or employers of the remaining Defendants, and each of them, and are, and at all times herein mentioned were, acting within the course and scope of that agency, partnership, employment, ownership, or joint venture.  Plaintiff is further informed and believes, and based thereon alleges, that

NIXON PEABODY LLP
ATTORNEYS AT LAW
3005 GRAND AVENUE, SUITE 4100
LOS ANGELES, CA 90071-3151

COMPLAINT

the acts and conduct herein alleged of each such Defendant were known to, authorized by, and/or ratified by the other Defendants, and each of them.

## **GENERAL ALLEGATIONS**

28.     As detailed above, Ms. Hudgens is a world famous actress and singer. She is highly sought after by companies hoping to secure her endorsement of their products, and those companies are willing pay significant sums of money to engage Ms. Hudgens to help promote their brands.

29.     SBLA's Website says that "SBLA's mission is to offer and deliver anti-aging solutions or, as we like to call it, aging beautifully, products and solutions backed by science combined with unique applications.  SBLA Beauty offers their hundreds of thousands of customers at-home alternatives to invasive in-office cosmetic procedures."  *See* https://sbla.com/pages/about-us.

30.     Ms. Hudgens is informed and believes, and based thereon alleges, that one of SBLA's best-selling products is the "Neck, Chin & Jawline Sculpting Wand."

31.     Defendants have used Ms. Hudgens' name, image, likeness, and persona without Ms. Hudgens' approval or consent to promote SBLA, and specifically to promote SBLA's product, the "Neck, Chin & Jawline Sculpting Wand," via their Social Media Accounts and Website.

32.     The following is an example of Defendants' unauthorized use of Ms. Hudgens' name, image, likeness, and persona on their Social Media Accounts:

NIXON PEABODY LLP
ATTORNEYS AT LAW
300S. GRAND AVENUE, SUITE 4100
LOS ANGELES, CA 90071-3151

1
2
3
4
5
6
7
8
9
10
11
12
13

NIXON PEABODY LLP
ATTORNEYS AT LAW
300S. GRAND AVENUE, SUITE 4100
LOS ANGELES, CA 90071-3151



14      33.      As evidenced by the above image, the paid advertising placed via

15 Defendants' Social Media Accounts include "click-through" links to directly

16 monetize Mrs. Hudgens' name, image, likeness, and persona.

17      34.      The following is an example of Defendants' unauthorized use of Ms.

18 Hudgens' name, image, likeness, and persona on the Website:

19
20
21
22
23
24
25



26

27      35.      Ms. Hudgens has never granted Defendants any rights to use her name,

28 image, likeness, or persona in any way.

36.     Ms. Hudgens' name, image, likeness, and persona have substantial economic value when used for the purposes of advertising, marketing, promoting, or endorsing products or services, and/or when she serves as a commercial spokesperson.  That valuable property right has been misappropriated through Defendants' unauthorized use of Ms. Hudgens' name, image, likeness, and persona and has caused a dilution of the value of her name, image, likeness, and persona.

37.     In mid-2021, Ms. Hudgens co-founded the skincare brand Know Beauty, which is a ***direct competitor*** of SBLA.  Defendants' unauthorized use of Ms. Hudgens' name, image, likeness, and persona conflicts directly with Ms. Hudgens' competing brand.

38.     On October 6, 2021, counsel for Ms. Hudgens sent a letter to SBLA demanding that SBLA and all of its related or affiliated entities, including but not limited to the Website and Social Media Accounts, immediately "cease and desist from all unauthorized uses of Ms. Hudgens' name and likeness in any and all media, including, without limitation, by immediately removing her name and likeness from the Social Media Accounts, the Website and any advertisements therefor or promotions thereof."  SBLA ignored and never responded to the letter.

## FIRST CLAIM FOR RELIEF

### (Violation of Statutory Right of Publicity -- Cal. Civ. Code § 3344)
### (Against All Defendants)

39.     Ms. Hudgens incorporates all prior allegations of this Complaint by this reference.

40.     Ms. Hudgens is the owner of the rights of publicity in her name, image, likeness, and persona.

41.     Defendants have willfully and without authorization used Ms. Hudgens' name, image, and persona for commercial purposes to promote SBLA, and specifically to promote SBLA's product, the "Neck, Chin & Jawline Sculpting Wand," via sponsored social media posts from the Social Media

NIXON PEABODY LLP
ATTORNEYS AT LAW
300 S. GRAND AVENUE, SUITE 4100
LOS ANGELES, CA 90071-3151

Accounts and via the Website.

42.     Defendants' unauthorized use of Ms. Hudgens' name, image, likeness, and persona constitute a commercial misappropriation in violation of Section 3344 of the California Civil Code.

43.     As a direct and proximate result of Defendants' wrongful conduct, Ms. Hudgens has suffered, and will continue to suffer, damages in an amount to be proven at trial, but in no event less than $1 million.

44.     Defendants have further been unjustly enriched by their misappropriation of Ms. Hudgens' statutory right of publicity.  Accordingly, Ms. Hudgens is entitled to restitution of all income, profits, and other benefits resulting from Defendants' unlawful conduct, in an amount to be determined according to proof at trial.  Ms. Hudgens also is entitled to her attorneys' fees and costs.

45.     Defendants' actions as alleged above were malicious, oppressive, and fraudulent, and done with the intent to injure Ms. Hudgens and with a willful and conscious disregard for Ms. Hudgens' rights.  As a result, Ms. Hudgens is entitled to recover from Defendants punitive and exemplary damages in an amount sufficient to punish and deter them and others from engaging in such acts in the future.

46.     Defendants' violations alleged herein are continuing and unless restrained and enjoined will cause irreparable injury to Ms. Hudgens for which she has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Violation of the California Common Law Right of Publicity)

### (Against All Defendants)

47.     Ms. Hudgens incorporates all prior allegations of this Complaint by this reference.

48.     Ms. Hudgens is the owner of the common law rights of publicity in her name, image, likeness, and persona.

NIXON PEABODY LLP
ATTORNEYS AT LAW
300S. GRAND AVENUE, SUITE 4100
LOS ANGELES, CA 90071-3151

49.     Defendants have willfully and without authorization used Ms. Hudgens' name, image, likeness, and persona for commercial purposes to promote SBLA, and specifically to promote SBLA's product, the "Neck, Chin & Jawline Sculpting Wand," via sponsored social media posts from the Social Media Accounts and via the Website.

50.     Defendants' unauthorized use of Ms. Hudgens' name, image, likeness, and persona constitutes a violation of California's common law right of publicity.

51.     As a direct and proximate result of Defendants' wrongful conduct, Ms. Hudgens has suffered, and will continue to suffer, damages in an amount to be proven at trial, but in no event less than $1 million.

52.     Defendants have further been unjustly enriched by their infringement of Ms. Hudgens' common law right of publicity.  Accordingly, Ms. Hudgens is entitled to restitution of all income, profits, and other benefits resulting from Defendants' conduct, in an amount to be determined according to proof at trial.

53.     Defendants' actions as alleged above were malicious, oppressive, and fraudulent, and done with the intent to injure Ms. Hudgens and with a willful and conscious disregard for Ms. Hudgens' rights.  As a result, Ms. Hudgens is entitled to recover from Defendants punitive and exemplary damages in an amount sufficient to punish and deter Defendants and others from engaging in such acts in the future.

54.     Defendants' violations alleged herein are continuing and unless restrained and enjoined will cause irreparable injury to Ms. Hudgens for which she has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

## (False Endorsement and Unfair Competition Under the Lanham Act -- 15 U.S.C. § 1125(a))

## (Against All Defendants)

55.     Ms. Hudgens incorporates all prior allegations of this Complaint by

4879-1600-0774.4

COMPLAINT

this reference.

56.     Ms. Hudgens is the owner of the statutory and common law rights associated with her name, image, likeness, and persona necessary for endorsement deals, including her right to decide whether to associate her name, image, likeness, and persona with any third party for purposes relating to sponsorship and/or endorsement.

57.     Defendants used Ms. Hudgens' name, image, likeness, and persona without permission by posting onto SBLA's Social Media Accounts and Website images of Ms. Hudgens to promote SBLA, and specifically to promote SBLA's product, the "Neck, Chin & Jawline Sculpting Wand."

58.     Defendants' unauthorized uses constitute false or misleading representations of fact to falsely imply the endorsement of SBLA's business and product by Ms. Hudgens.

59.     Defendants' unauthorized uses of Ms. Hudgens' name, image, likeness, and persona are likely to confuse and deceive consumers as to Ms. Hudgens' sponsorship, endorsement, and/or approval of SBLA and its products. Specifically, Defendants' use of Ms. Hudgens' name, image, likeness, and persona is likely to cause consumers to mistakenly believe that Ms. Hudgens is associated with SBLA, or that she sponsors, endorses, or approves of Defendants' products, websites, or social media accounts.

60.     Defendants' wrongful acts have misled and confused consumers, and continue to mislead and confuse consumers, by, among other things, willfully and intentionally creating a false impression that Defendants' products are, or were, sponsored, endorsed, approved, affiliated, or associated with Ms. Hudgens.

61.     As a direct and proximate result of the acts of false endorsement and unfair competition set forth above, Ms. Hudgens has suffered actual damages in an amount to be proven at trial, but in no event less than $1 million. Ms. Hudgens is entitled to the full range of relief available under the Lanham Act, 15 U.S.C.

NIXON PEABODY LLP
ATTORNEYS AT LAW
300 S. GRAND AVENUE, SUITE 4100
LOS ANGELES, CA 90071-3151

§ 1117, including, without limitation, an award of actual damages and the disgorgement of Defendants' profits arising from their false, misleading, or unfair acts. Defendants' conduct further renders this an "exceptional" case within the meaning of the Lanham Act, thus entitling Ms. Hudgens to an award of attorneys' fees and costs.

62. Ms. Hudgens is informed and believes, and based thereon alleges, that Defendants committed the unauthorized acts described above knowing that they are likely to cause consumers to falsely believe that Ms. Hudgens endorses Defendants' brand and product. Defendants have thus willfully, knowingly, and maliciously deceived and confused the relevant consuming public, such that Ms. Hudgens is entitled to an award of treble damages.

63. Defendants' violations alleged herein are continuing and unless restrained and enjoined will cause irreparable injury to Ms. Hudgens for which she has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, et seq.)

### (Against All Defendants)

64. Ms. Hudgens incorporates all prior allegations of this Complaint by this reference.

65. The acts and practices of Defendants as set forth above constitute unfair, unlawful, wrongful, and fraudulent business practices in violation of California's Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200, et seq.

66. As a direct and proximate result of Defendants' unfair business practices, as set forth herein, Ms. Hudgens has lost money or property, and has suffered, and will continue to suffer, injury in fact in an amount to be proven at trial.

67. Ms. Hudgens seeks restitution of all amounts wrongfully obtained by

NIXON PEABODY LLP
ATTORNEYS AT LAW
300 S. GRAND AVENUE, SUITE 4100
LOS ANGELES, CA 90071-3151

Defendants as a result of the aforementioned conduct.

68.     Defendants have engaged, and are continuing to engage, in unfair competition as prohibited by California Business and Professions Code §§ 17200, et seq., including without limitation engaging in the aforementioned acts and practices which are unfair, unlawful, fraudulent, substantially injurious to the general public, and offensive to public policy.

69.     Defendants' violations alleged herein are continuing and unless restrained and enjoined will cause irreparable injury to Ms. Hudgens for which she has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF

### (False Advertising in Violation of Cal. Bus. & Prof. Code §§ 17500, et seq.)

### (Against All Defendants)

70.     Ms. Hudgens incorporates all prior allegations of this Complaint by this reference.

71.     The acts and practices of Defendants as set forth above constitute false advertising in violation of California Business and Professions Code §§ 17500, et seq.

72.     Defendants' advertising was and is untrue or misleading and likely to deceive the public because, among other things, it falsely implies the endorsement of SBLA's business and products by Ms. Hudgens.

73.     Defendants knew, or by reason of reasonable care should have known, that their advertising was and is untrue or misleading and so acted in violation of California Business and Professions Code §§ 17500, et seq.

74.     As a direct and proximate result of Defendants' false advertising, as set forth herein, Ms. Hudgens has lost money or property, and has suffered, and will continue to suffer, injury in fact in an amount to be proven at trial.

75.     Ms. Hudgens seeks restitution of all amounts wrongfully obtained by Defendants as a result of the aforementioned conduct.

NIXON PEABODY LLP
ATTORNEYS AT LAW
300 S. GRAND AVENUE, SUITE 4100
LOS ANGELES, CA 90071-3151

4879-1600-0774.4

COMPLAINT

76.     Defendants' violations alleged herein are continuing and unless restrained and enjoined will cause irreparable injury to Ms. Hudgens for which she has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Vanessa Hudgens prays for judgment as follows:

1.     For an award of compensatory and treble damages in an amount to be proven, but in no event less than $1 million;

2.     For the disgorgement of Defendants' profits;

3.     For restitution of all income, profits, and other benefits resulting from Defendants' unlawful conduct;

4.     For an award of punitive and exemplary damages in an amount sufficient to deter unlawful conduct by Defendants in the future;

5.     For a preliminary and permanent injunction restraining and enjoining Defendants and their agents, servants, and employees, and all other persons with whom they are acting in concert to refrain from using Ms. Hudgens' name, image, likeness, and persona without her consent, including on the Social Media Accounts and Website;

6.     For pre-judgment and post-judgment interest according to proof and to the maximum extent allowed by law;

7.     For attorneys' fees and costs; and

8.     For such other and further relief as the Court may deem just and proper.

NIXON PEABODY LLP
ATTORNEYS AT LAW
300 S. GRAND AVENUE, SUITE 4100
LOS ANGELES, CA 90071-3151

4879-1600-0774.4

COMPLAINT

1

Dated:        December 10, 2021             NIXON PEABODY LLP

2

3                                           By: /s/ Erica J. Van Loon
                                                Erica J. Van Loon
4                                               Joshua J. Pollack
                                                Sherene Tagharobi
5                                               Attorneys for Plaintiff
                                                Vanessa Hudgens
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:        December 10, 2021            NIXON PEABODY LLP


By: /s/ Erica J. Van Loon
Erica J. Van Loon
Joshua J. Pollack
Sherene Tagharobi
Attorneys for Plaintiff
Vanessa Hudgens

NIXON PEABODY LLP
ATTORNEYS AT LAW
300 S. GRAND AVENUE, SUITE 4100
LOS ANGELES, CA 90071-3151

4879-1600-0774.4

- 17 -

COMPLAINT